IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAWRENCE HAMPTON, #197002, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-973-WKW |
| ) | |
| CAPT. BALDWIN, *et al*., ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Lawrence Hampton ("Hampton"), a state inmate, filed this 42 U.S.C. § 1983 action challenging the constitutionality of actions which occurred at the Draper Correctional Facility in December of 2016. Specifically, Hampton alleges that members of the prison system's Certified Emergency Response Team ("CERT") used excessive force against him on December 13, 2016, and further complains that the medical defendant denied him access to medical treatment for injuries suffered in the attack. *Doc. No. 1* at 3.

The court attempted service on correctional officers Johnson and Joushua, officers identified by Hampton as members of the team who entered Draper on the date of the incident. However, the postal service returned the service materials to the court with the notation that these officers were "Not-Known" at the address provided by the plaintiff for service. In light of the foregoing, the court entered an order requiring General Counsel for the Alabama Department of Corrections to provide current employment addresses for officers Johnson and Joushua. *Doc. No. 9*. In her response filed on February 7, 2017, General Counsel stated "that an inquiry was made to the Department's Personnel Division,

and was advised there is no record of an 'Officer Johnson' or 'Officer Joushua' on the Certified Emergency Response Team." *Doc. No. 18*. A review of the list of CERT members who participated in the shakedown of Draper on December 13, 2016, confirms the information provided by General Counsel. *See Doc. No. 46* at 2-5.

The court entered an order advising Hampton of the information provided by General Counsel and requiring that "on or before February 22, 2017[,] the plaintiff shall file an amendment to his complaint in which he provides the correct names for Officer Johnson and Officer Joushua." *Doc. No. 20*. The order specifically cautioned Hampton that failure "to properly identify these officers" would result in this case "proceed[ing] only against those officers who are properly named as defendants." *Id*. After the defendants filed the complete list of officers who comprised the Certified Emergency Response Team, the court granted the plaintiff an extension until "March 30, 2017[,] to file an amendment to his complaint in which he names any additional officer ***who actually participated in the actions taken against him*** as a defendant in this cause of action." *Doc. No. 47* (emphasis in original).

As of the date of this Recommendation, Hampton has failed to identify any additional defendants in this cause of action. The court therefore concludes that Officer Johnson and Officer Joushua are due to be dismissed from this cause of action as they did not participate in the actions about which the plaintiff complains. *See Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's

prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Officers Johnson and Joushua be dismissed as defendants in this cause of action because the record demonstrates that these individuals were not members of the Certified Emergency Response Team who entered Draper on December 13, 2016.

2.  This case be referred back to the undersigned for additional proceedings against defendants Baldwin, Ellington, Williams, Copeland and Melton.

The parties may file objections to the Recommendation on or before April 19, 2017. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.

11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of April, 2017.

    /s/    Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE